# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:14-cr-229-MOC-DCK-10

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| CENTRILIA SHARDON LEACH, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 943). Defendant is currently serving a 156-month sentence at FPC Alderson, after being convicted for her role in a violent racketeering conspiracy that culminated in the murders of two people. Defendant seeks early release from prison under 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic. The Government has responded in opposition to the motion. (Doc. No. 950).

**I.     BACKGROUND**

On or about February 8, 2018, this Court sentenced the defendant to 156 months of imprisonment for her role in a violent racketeering conspiracy that culminated in the murders of two innocent people. (Doc. No. 797). Defendant is currently serving this sentence at FPC Alderson, and her projected release date is May 19, 2026.[1]

Defendant filed a pro se motion seeking compassionate release on February 28, 2021 and has sufficiently exhausted her administrative remedies with BOP.

---

[1] Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last accessed March 16, 2021).

-1-

## II.     DISCUSSION

### a. Defendant has a Qualifying Extraordinary and Compelling Reason for Her Release

By its terms, 18 U.S.C. § 3582(c)(1)(A) permits the Court to reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a non-binding policy statement addressing motions for reduction of sentences under § 3582(c)(1)(A).[2] As relevant here, the non-binding policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the

---

[2] In a recent decision, the Fourth Circuit determined that the policy statement is no longer binding on courts deciding compassionate release motions because U.S.S.G. § 1B1.13 was enacted before the First Step Act. United States v. McCoy, 981 F.3d 271 (4th Cir. 2020). Specifically, the Fourth Circuit held that the policy statement found in U.S.S.G. § 1B1.13 does not apply to compassionate release motions brought by inmates under 18 U.S.C. § 3582(c)(1)(A)(i). Id. at 281–83. The McCoy Court reasoned that, because Section 1B1.13 applies only to motions brought by the Bureau of Prisons, it cannot be the policy statement applicable in circumstances where defendants bring their own motions for compassionate release. Id. In place of the no-longer-applicable policy statement, McCoy permits "courts [to] make their own independent determinations of what constitutes an 'extraordinary and compelling reason[ ]' under § 3582(c)(1)(A), as consistent with the statutory language[.]" Id. at 284. The McCoy Court noted, however, that Section 1B1.13 "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7. Because this Court finds that the policy statement is extremely helpful in assessing motions for compassionate release brought by defendants, the Court will rely on it as guidance.

-2-

reduction"; (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The policy statement includes an application note specifying the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C).

Finally, in addition to the non-binding policy statement, the Fourth Circuit has recently clarified that courts may make their own independent determinations as to what constitute "extraordinary and compelling reasons" to warrant a reduction of sentence under Section 3582(c)(1)(A). United States v. McCoy, 981 F.3d 271 (4th Cir. 2020).

The mere existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country, cannot alone provide a basis for a sentence reduction. The conditions described in U.S.S.G. § 1B1.13 encompass specific serious medical conditions

-3-

afflicting an individual inmate, not generalized threats to the entire population. As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

That does not mean, however, that COVID-19 is irrelevant to a court's analysis of a motion under Section 3582(c)(1)(A). If an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition may satisfy the standard of "extraordinary and compelling reasons." Under these circumstances, a chronic condition (i.e., one "from which [the defendant] is not expected to recover") reasonably may be found to be "serious" and to "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," even if that condition would not have constituted an "extraordinary and compelling reason" absent the risk of COVID-19. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)(I).

Defendant's request for a sentence reduction will be denied even though her type-2 diabetes qualifies as an extraordinary and compelling reason for her release. Defendant has Type 2 diabetes, which the CDC has identified as a condition that places her at increased risk of severe illness from the virus that causes COVID-19.[3] However, her condition is well-controlled by the medical staff at FPC Alderson. She is taking her medication as prescribed, and the condition does not substantially diminish her ability to provide self-care while in prison. U.S.S.G. § 1B1.13, appl. note 1(A)(ii). Her diabetes qualifies as an "extraordinary and compelling reason,"

---

[3] CDC, Coronavirus Disease 2019 (COVID-19)/People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed March 18, 2021).

-4-

but only when combined with the risk of exposure to COVID-19—absent the pandemic, diabetes alone would not qualify.

The other conditions she cites in her motion, asthma and hyperlipidemia, are not CDC-identified COVID-19 risk factors, and therefore do not qualify as extraordinary and compelling reasons for release. The CDC reports that moderate-to-severe asthma may place a patient at increased risk from COVID-19, but acknowledges that the data is limited at this time.3 Defendant's medical records do not indicate that her asthma is moderate-to-severe, and she has been prescribed an Albuterol inhaler for use as needed. These other conditions—even when considered in totality with all her medical issues—are well-controlled in the prison setting and do not substantially diminish her ability to provide self-care.

Although Defendant's Type 2 diabetes qualifies as an "extraordinary and compelling reason" due to the risks associated with the pandemic, the Bureau of Prisons has worked to mitigate her risk of exposure to COVID-19 at FPC Alderson. Currently there is only one positive case among the prisoners at FPC Alderson.4 BOP's vaccination efforts are underway— they have administered over 85,000 doses to date across all institutions, and at Alderson they have fully inoculated 57 inmates so far.5 Once inoculated, Defendant's diabetes will no longer qualify as an extraordinary and compelling reason for release because she will be free from the associated risks of COVID-19; and diabetes, standing alone, is neither extraordinary nor compelling, whether defined by the guidance in § 1B1.13 or by any other reasonable standard.

---

[4] Federal Bureau of Prisons, COVID-19 Coronavirus (https://www.bop.gov/coronavirus/) (last accessed March 19, 2021).
[5] Id. FPC Alderson houses approximately 558 inmates. Federal Bureau of Prisons, FPC Alderson (https://www.bop.gov/locations/institutions/ald/) (last accessed March 19, 2021).

Defendant therefore can demonstrate an extraordinary and compelling reason as required by § 3582(c)(1)(A)(i), but the facts that support it are likely to soon change once she is vaccinated.

### b. The Factors Set Forth in 18 U.S.C. § 3553(a) Counsel Against Release

Although the Defendant can demonstrate an extraordinary and compelling reason for release for the moment, § 3582(c)(1)(A) also requires the Court to consider the request in the context of the § 3553(a) sentencing factors. The severity of Defendant's crimes warrants her continued incarceration notwithstanding her health issues.

Defendant's crimes were extremely serious. She was an associate of a criminal street gang, the Valentine Bloods, and was the girlfriend of its violent leader, Jamel Cureton. (Doc. No. 450 at 8). She helped orchestrate the murders of two innocent people in their home in order to obstruct justice by preventing them from testifying against Cureton in a state robbery case. (Id. at 10-14). Specifically, Defendant helped facilitate communication between Cureton and other gang members to help plan and execute the murder plot. (Id. at 8, 14). She also conducted surveillance and photographed the murder victims, at Cureton's request, in preparation for the killings. (Id. at 10). Defendant aided the gang in other ways too, such as when she purchased an SKS assault rifle for co-defendant David Fudge, who was prohibited from possessing a firearm. (Id. at 9).

When weighed against the seriousness of the offense and the need to provide just punishment for her substantial role in the murders of two innocent people, her well-controlled diabetes cannot justify release when she has served less than half of her total sentence— particularly when the circumstances supporting her claim will soon resolve with the ongoing distribution of effective vaccines against the coronavirus. The Court therefore denies the motion

Case 3:14-cr-00229-MOC-DCK   Document 952   Filed 04/08/21   Page 6 of 7

because a substantial reduction in sentence cannot be justified by either the statutory sentencing factors or the Sentencing Commission's policy statements.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 943), is **DENIED**.

Signed: April 7, 2021

Max O. Cogburn Jr
United States District Judge