| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CENTRILIA SHARDON LEACH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's pro se motion to reduce sentence pursuant to USSC Amendment 821. (Doc. No. 1001). The Government opposes Defendant's motion. (Doc. No. 1005). Because Defendant is ineligible for sentence reduction under Amendment 821, the Court will deny Defendant's motion.

### I. Background

In April of 2015, a grand jury indicted Defendant and charged her with participating in a racketeering conspiracy involving murder, robbery, and obstruction of justice, 18 U.S.C. § 1962(d). (Doc. No. 69 at 9–20). The grand jury alleged a special sentencing factor related to Defendant's role in the 2014 murders of Deborah and Douglas London, exposing Defendant to a maximum sentence of life imprisonment. (Id. at 40–41). Defendant pled guilty to the racketeering offense. (Doc. No. 332 ¶ 1). In her plea agreement, Defendant acknowledged that she faced a potential sentence of life in prison. (Id. ¶ 4).

The probation office's presentence report calculated a total offense level of 42 and a criminal history of category of II. (Doc. No. 45 ¶ 124). Defendant was assessed one criminal history point related to her prior convictions, and another two criminal history points because Defendant committed the racketeering offense while on probation. (Id. ¶¶ 91–92). Based on an

1

offense level of 42 and a criminal history category of II, the probation office concluded that the Sentencing Guidelines recommended a sentence of 360 months to life in prison. (Id. ¶ 124).

At sentencing, the Government moved for a downward departure under Sentencing Guidelines § 5K1.1. (Doc. No. 804 at 2). The Court departed downward nine offense levels to a guideline range of 151-188 months imprisonment, and sentenced Defendant to 156 months in prison. (Doc. No. 797 at 2; Doc. No. 804 at 2). At present, Defendant is credited with having served 114 months of her 156-month sentence. (Doc. No. 1005 at 3). She now asks this Court to reduce her sentence under Amendment 821.

## II. Legal Standard

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a

term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

### III.     Analysis

The Government argues Defendant is not eligible for sentence reduction under Amendment 821. The Government is correct.

Defendant received two criminal history points because she committed her racketeering offense while under a criminal justice sentence. True, Defendant would not receive those criminal history points if sentenced today under Amendment 821, because she received fewer than seven criminal history points related to prior convictions. True again, without those criminal history points Defendant's criminal history category would be reduced from II to I. See U.S.S.G. ch. 5, part A.  But Amendment 821's reduction of Defendant's criminal history points and

subsequently her criminal history category would not alter her advisory guideline range. Based on a total offense level of 42 and a criminal history category of I, the Sentencing Guidelines still advise a sentence of 360 months to life in prison. (Id.). A defendant is only eligible for sentence reduction if the retroactively applicable amendment would lower the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B). Because applying Amendment 821 does not alter Defendant's advisory guideline range, she is ineligible for sentence reduction under 18 U.S.C. § 3582(c)(2). For that reason, Defendant's motion must be denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se motion to reduce sentence pursuant to USSC Amendment 821 (Doc. No. 1001) is **DENIED**.

Max O. Cogburn Jr
United States District Judge

Signed: January 23, 2024

4